UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CARLTON TURNER | CIVIL ACTION NO. 13-cv-2818 |
| VERSUS | JUDGE DONALD E. WALTER |
| DAVID THOMAS, et al | MAG. JUDGE MARK HORNSBY |

## ORDER

Before the Court is a Motion for Reconsideration [Doc. #164], filed on behalf of Plaintiff Carlton Turner, regarding the Court's previous denial of Plaintiff's motion for new trial. Defendants, David Thomas and Lonnie Nail, oppose the motion [Doc. #166]. Plaintiff has also filed a Motion for Leave to File a Reply [Docs. ## 167, 169].

In his original motion for new trial, Plaintiff alleged that the jury returned an irreconcilable verdict by finding that Defendant David Thomas had utilized excessive and unnecessary force against Plaintiff, yet also found that Defendant Thomas was entitled to qualified immunity. The Court found that Plaintiff's claim was without merit, and that, under Rule 59(a), Plaintiff failed to set forth "any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Since that ruling, counsel has enrolled on behalf of Plaintiff, who was previously proceeding *pro se*, and Plainitff's counsel now moves the Court to reconsider the motion for new trial on the same basis. Plaintiff, through counsel, again argues that qualified immunity does not apply as a matter of law and that it was legal error to submit the question to the jury. Plaintiff urges this Court to set aside the jury's finding of qualified immunity and award Plaintiff damages.

Before this case proceeded to a jury trial, this Court adopted the report and recommendation of the magistrate judge, finding, *inter alia*, that genuine disputes of material fact prevented summary

judgment regarding Plaintiff's Eighth Amendment claims and Defendants' qualified immunity claims. Thereafter, the case was presented to a jury. Although the Fifth Circuit has "held that while qualified immunity ordinarily should be decided by the court long before trial, if the issue is not decided until trial[,] the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct." *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000) (citing *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998)).[1] In presenting the issue to the jury, the Court employed the Fifth Circuit's Pattern Jury Instructions, in addition to some instructional language requested by Plaintiff, and issued the final instructions without objection from either party. [*See* Doc. #151, pp. 5-11]. Upon due consideration of Plaintiff's motion for reconsideration, including all case law cited therein, the Court finds that Plaintiff has still failed, under Rule 59(a), to set forth "any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Plaintiff's motion for reconsideration [Doc. #164], as well as Plaintiff's motion for leave to file a reply [Docs. ##167, 169], are hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 16 day of May, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] *See also Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 900 (6th Cir. 2004) ("[W]here the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability.") (citation omitted).